

FILED

**NOT FOR PUBLICATION**

APR 25 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: RERI NANILEI SEPTIMO,

Debtor,

RERI NANILEI SEPTIMO,

Appellant,

v.

DAVID C. FARMER, Chapter 7 Trustee,

Appellee.

No. 12-15754

D.C. No. 1:11-cv-00315-DAE-RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted February 19, 2014
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Chapter 7 debtor Reri Nanilei Septimo appeals a district court order that affirmed a bankruptcy court order, which compelled Septimo to cooperate with the chapter 7 trustee of Septimo's estate (the "Trustee").

Septimo scheduled her residence as real property on Schedule A to her voluntary petition for bankruptcy and claimed an exemption for her residence. The Trustee objected to the exemption, and the bankruptcy court sustained the Trustee's objection. The bankruptcy court discharged Septimo pursuant to 11 U.S.C. § 727.

The Trustee planned to transfer Septimo's home, which was part of the estate. Septimo denied the realtor for the bankruptcy estate access to her home. The Trustee moved the bankruptcy court for an order to compel Septimo to cooperate with the Trustee, which the bankruptcy court granted. On appeal, the district court affirmed the bankruptcy court.

We decline to address Septimo's argument that the Trustee rejected the leasehold for the property where her residence is located. We will not review a new argument made on appeal absent exceptional circumstances. *In re Home Am. T.V.-Appliance Audio, Inc.*, 232 F.3d 1046, 1052 (9th Cir. 2000).

We review de novo a district court's decision on appeal from a bankruptcy court. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We review the

bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Id.*

Septimo's argument that the Trustee cannot transfer the lease on which her property is located is incorrect. A bankruptcy trustee stands in the shoes of a debtor. *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005). The Trustee of Septimo's estate may assign her leasehold interest for the benefit of the estate on the same terms as Septimo because Septimo would have been allowed to assign the lease.

Septimo has conceded that her home is the property of the estate. A debtor may not interfere with the sale of estate property. *In re Onubah*, 375 B.R. 549, 557 (B.A.P. 9th Cir. 2007). The bankruptcy court properly ordered Septimo to cooperate with the trustee pursuant to 11 U.S.C. § 521. Therefore, we affirm the district court.

**AFFIRMED.**